**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

COREY FORD,

    Defendant.

Case No. 16-80157

## MEMORANDUM & ORDER

On April 24, 2017, defendant Corey Ford, appearing pro se, filed a Motion for Early Termination of Supervised Release, Motion to Appoint Counsel, Motion for Hearing (Doc. 16).

**I.    Legal Standards**

**A.  Pro Se Litigators**

Where a party proceeds pro se, the court construes his or her filings liberally and holds them to less stringent standards than pleadings filed by lawyers. *Barnett v. Corr. Corp of Am.*, 441 F. App'x 600, 601 (10th Cir. 2011). Pro se parties are nevertheless required to follow the Federal and Local Rules of practice and the court does not assume the role of advocating for pro se parties. *United States v. Porath*, 553 F. App'x 802, 803 (10th Cir. 2014).

**B.  Modification of Defendant's Sentence**

Generally, the court does not have jurisdiction to modify a sentence once it has been imposed outside of separate post-conviction proceedings. *United States v. Lonjose*, 663 F.3d 1292 (10th Cir. 2011). "Once the judgment of conviction has been entered, a district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *Id.* (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).

-1-

18 U.S.C. § 3583(e) provides that the court may modify a term of supervised release, after considering other factors under § 3553(a), including terminating a term of supervised release after a defendant has successfully served a year of supervised release, if such termination is warranted by defendant's conduct and if it is in the interest of justice. § 3583(e)(1).

**II. Discussion**

Defendant is currently serving a 24-month term of imprisonment after violating mandatory conditions of his original term of supervision. (Doc. 15.) He will not be released from incarceration until November 3, 2018, according to the Federal Bureau of Prisons inmate locator.

Defendant correctly suggests that this court has the authority to terminate a term of supervision any time after a defendant has successfully completed a year of supervised release. But defendant has not yet been released or begun serving his three-year term of supervised release for his current violation. Although defendant served some time on supervised release following a prior conviction, he did not successfully complete that term of supervision. That is why his supervision was revoked and he is now incarcerated. Because defendant has not begun to serve his upcoming term of supervised release, the court finds defendant's request premature. The court does not have jurisdiction to modify defendant's sentence. His motion is therefore denied. Because the court lacks jurisdiction to hear this matter, the court also denies defendant's motion for a hearing and denies his motion for appointment of counsel as moot.

**IT IS THEREFORE ORDERED** that defendant's Motion for Early Termination of Supervised Release, Motion to Appoint Counsel, Motion for Hearing (Doc. 16) is denied. Defendant's motions for a hearing and for the appointment of counsel are denied as moot.

Dated August 1, 2018, at Kansas City, Kansas.

s/ Carlos Murguia

**CARLOS MURGUIA**
**United States District Judge**